Dykjian, J.
The plaintiffs are commissioners of highways of the town of Brookhaven, in Suffolk county, and this action is prosecuted for the recovery ■ of a statutory penalty for the obstruction of a public highway in that town. The specific obstruction charged against the defendant is the maintenance of a fence beyond his boundary line, and within the limits of the highway which passes through his land. The cause was tried at the circuit before a jury, and a verdict was rendered in favor of the defendant, and the plaintiff has appealed from the judgment and order denying the motion for a new trial on the minutes of the court. The road described in the complaint was laid out iby the commissioners of highways of the town of Brookhaven, in the year 1728, under the following description: “Laid out a highway from Towne to ye old mans the lower rode begining between velande of William Healmes and Matthias Jeanes’ house and so ruueing as it is staked and marked crucked in some places for ye avoyding of hills to ye Drowne Meddow 4 pole wid and so over ye Drowne Meddow as it is layd oute to Moses Burnit, and so a longe downe the hollow to .Jonathan Horton’s house and from thence up by ye Mill along •Christall Brook Hollow to Wincoum.” The place designated in this description .as “Drowne Meddow” is now named “Port Jefferson;” and the places designated as “Towne” and the “Old Mans” are now called “Setanket” and “ Mount ■ Sinai,” respectively. In May, 1862, the commissioners of highways ascertained and described the road, and made a new record, and in May, 1882, repeated the process, and ascertained the location of the road, as they believed, • on both occasions. And yet it is difficult to justify such location. The ob.scurity of the description, and the uncertainty of the monuments, in the original order for laying out the road, in connection with the lapse of years, and ■ the devastation and changes incident thereto, render it impossible to ascertain the location of the old road with any degree of certainty. The testimony • on the part of the plaintiffs was too unsatisfactory and inconclusive to require .a verdict in their favor, and the testimony introduced by the defendant went far to show a different location for the old road. So the testimony was contradictory, and it was all submitted to the jury by a charge to which there was no exception, and by which the jury was required to find whether the ■.fence of the defendant was within the limits of the highway. Under that •charge, so given, the jury rendered a verdict for the defendant, and so failed to locate the fence of the defendant within the highway; and under the testimony it is difficult to see how any other conclusion could have been reached. *906 We find no error in the reception and exclusion of evidence of which the plaintiff complains, and the judgment and order appealed from should be affirmed,, with costs. All concur.